UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH PALMER,

    Plaintiff,

v.                                                    Case No. 2:12-cv-309
                                                  HON. ROBERT HOLMES BELL

ANDREA AIKENS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Joseph Palmer, an inmate currently confined at the Richard A. Handlon Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the MDOC. The remaining defendant in this case is Chippewa Correctional Facility Food Service Supervisor Andrea Aikens. Plaintiff alleges that he received a false misconduct ticket from defendant for threatening behavior in retaliation for filing grievances. Plaintiff was found guilty of the misconduct ticket by the hearings officer who explained:

> Prisoner Palmer walked up to FSS Aikens within an inch and stared her down and when asked if he wanted her to pull pin and he said Yeah pull your pin on 7-6-11 at 1221hrs. I find that these actions by their very nature expresses an intent to physically abuse the FSS. Prisoner Palmer's statement that he just walked around is not believed because it is contradicted by the video which shows him looming over her and staring at her for minute within a foot of her. The FSS is clear and factual in his statement and is found to be credible. The charge is upheld.

On rehearing plaintiff asserted that the evidence was insufficient to support a guilty finding. The misconduct finding was upheld. Plaintiff filed a petition for review in the state courts

asserting that the evidence was insufficient to support the guilty finding on the misconduct. Defendant moves for summary judgment.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant argues that plaintiff failed to exhaust his retaliation claim. Decisions made in hearings conducted by the office of policy and hearings, hearings and appeals division, and minor misconduct hearings are nongrievable. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ F(1)

(effective 4/28/03). Prisoners commonly file grievances pursuant to policy of the Michigan Department of Corrections to exhaust administrative remedies. For example, a prisoner may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement which directly affect the grievant." MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (effective 4/28/03).

In this case, the grievance procedure is not available to plaintiff. Plaintiff was found guilty of a major misconduct after a hearing conducted by the prison hearings division. *See* MICH. COMP. LAWS § 791.251(2)(a). Decisions made in the prison hearings division are non-grievable. Policy Directive 03.02.130, ¶ F(1). Instead, plaintiff "shall file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." *See* MICH. COMP. LAWS § 791.255(1). The rehearing request must be made within thirty days after the final decision or order is issued. MICH. COMP. LAWS § 791.254(3). Plaintiff never argued at the hearing or in his petition for judicial review that defendant Aikens retaliated against him. In the opinion of the undersigned that claim is not exhausted.

Moreover, even if the claim was exhausted, it cannot be supported on this record. Since plaintiff claims that he did not threaten defendant and that the misconduct was false, plaintiff cannot overcome the findings made by the hearing's officer in concluding that he was guilty of the misconduct ticket. *Peterson v. Johnson*, 714 F.3d 905 (6th Cir. 2013) (where a disputed issue of fact is resolved at a Michigan major misconduct hearing as a necessary part of the hearing's judgment, that factfinding has preclusive effect in collateral litigation brought by the prisoner under 42 U.S.C. § 1983). In this case, the hearing officer reviewed the video evidence and plaintiff's statement. Plaintiff requested a rehearing and his claim was denied on rehearing and plaintiff filed a petition for judicial review in the state courts. Although, plaintiff never presented his retaliation claim, he

did assert that the misconduct was false and not supported by any evidence. The hearing officer specifically found that the video evidence established that plaintiff took a threatening action against defendant. Plaintiff has not overcome that finding and, in the opinion of the undersigned, cannot support this cause of action with fact.

Accordingly, it is recommended that defendant's motion for summary judgment (Docket #13) be granted and this case be dismissed in its entirety. It is further recommended that plaintiff's motion to strike/amend motion (Docket #24) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: January 16, 2014