UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH PALMER,

    Plaintiff,                                          Case No. 2:12-cv-309

v.                                                  HON. ROBERT HOLMES BELL

ANDREA AIKENS,

    Defendant.
_____/

**MEMORANDUM OPINION ORDER APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving alleged retaliatory action taken against Plaintiff by Defendants. Defendants filed a motion for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendant's motion. The matter is presently before the Court on Plaintiff's objections to the R&R. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made. The Court overrules the objections and issues this Memorandum Opinion and Order.

Plaintiff contends that the Magistrate Judge erred in concluding (1) that he had not raised the issue of retaliation at his misconduct hearing or in his petition for review (Pl.'s Obj., Dkt. No. 30 at 1; R&R, Dkt. No. 28 at 3); and (2) that the normal grievance procedure was unavailable to him (Pl's Obj., Dkt. No. 30 at 2; R&R, Dkt. No. 28 at 3). Plaintiff also argues that the Magistrate Judge "failed to provide the plaintiff a full and fair opportunity to litigate" his First Amendment claim. (Pl.'s Obj.,

Dkt. No. 30 at 2.) Plaintiff's objections are without merit.

Plaintiff cites the written defense from his misconduct hearing (Dkt. No. 14-2 at 8) to support his contention that he raised the issue of retaliation at the misconduct hearing. (Pl.'s Obj., Dkt. No. 30 at 1.) His statement from the misconduct reads, in the pertinent part, "Use my 2 to 3 grievance responses to show that F/S Director Schuh instructed [Defendant] to remain professional, as a [sic] indicator that this is not the first time of unprofessionalism." (Dkt. No. 14-2 at 8.) Plaintiff now argues that the "prior grievances was [sic] retaliatory in nature . . . and the use of those grievances can only support that the plaintiff addressed retaliation at the misconduct hearing." (Pl.'s Obj., Dkt. No. 30 at 1.) However, as is evident from the statement quoted from the misconduct hearing, Plaintiff made no attempt to argue that the misconduct hearing itself was retaliatory during the hearing. Plaintiff's objection is therefore overruled.

Plaintiff also argues that the grievance procedure was available to him and that he indeed exhausted his retaliation claim. (*Id.* at 2.) Plaintiff states "that prison policy directives "prevents grieving the 'decision' at a misconduct hearing" but "[n]o language prevents grieving the conduct of an employee resulting to a misconduct" (sic). (*Id.*) The record in this case, however, clearly contradicts Plaintiff's contention that he exhausted his administrative remedies. Plaintiff's objection is therefore overruled.

Finally, Plaintiff argues that he was denied a fair hearing because "[n]o summary judgment has been filed on [Plaintiff's First Amendment] claim and this issue remains preserved." (*Id.* at 2.) Plaintiff appears to believe that a claim of retaliation is distinct from a First Amendment claim. This argument is without merit.

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and

2

Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* Fed. R. Civ. P. 58. Because this action was filed in forma pauperis, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir.1997).

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Objections (Dkt. No. 30) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's January 16, 2014, R&R (Dkt. No. 28) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (Dkt. No. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 21) and motion to strike (Dkt. No. 24) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's remaining claim is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that an appeal of this decision would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir.1997).


Dated: February 14, 2014 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE